(No. 2687— ▆▆▆▆▆▆▆▆▆)

CHARLES A. JACKSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 30, 1937.*

Claimant, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

This claim was filed pro se June 18, 1935, and is for the sum of $16.00. It is charged that during the month of August, 1932, claimant was coroner of Randolph County; that he was summoned to the Southern Illinois Penitentiary at Menard for the purpose of holding an inquest on August 14, 1932, on the body of John Parks, an inmate of said institution, who had been murdered.

The claim was not filed in time for the appropriation then made for the then biennium, and when the claim was presented, the appropriation had lapsed.

The file contains a letter under date of June 29, 1935, from A. L. Bowen, Director of the Department of Public Welfare, wherein he states:

"Mr. Jackson, who was coroner of Randolph County in August, 1932, has set up the correct statement of the facts.

"Mr. Jackson's claim for $16.00 is his fee in, the inquest over the body of John Parks, a prisoner at the Menard Branch of the Illinois State Penitentiary, and is a valid claim."

We take it that the last clause of Mr. Bowen's letter to the effect that this claim "is a valid claim" is the result of a proper investigation made by Mr. Bowen, and that the deceased, John Parks left no estate out of which the coroner's fee could be paid.

Section 26 of Chapter 53 of our statute provides that such fee shall be certified by the court and when the same cannot be collected out of the estate of the deceased * * *, in the case of inmates of any State charitable or penal institution, by the Department of Public Welfare, out of the State treasury.

We have repeatedly held that where it appears that claimant performed services required by law but before application for payment was made the appropriation lapsed, and it is conceded by the proper Department that the State is indebted to claimant in the amount claimed, an award for same will be made.

*Ruediger* vs. *State*, 7 C. C. R. 11.
*Miller* vs. *State*, 7 C. C. R. 251.

An award is therefore made in the sum of $16.00.